## WHITMORE v. DIVILBIS.

1. WRIT OF ERROR CORAM NOBIS. When a petition by a defendant for a writ of error *coram nobis*, alleged that the plaintiff recovered a judgment against said defendant before a justice of the peace, that defendant appealed to the District Court and caused a transcript of the judgment to be transmitted by the justice to the clerk of said court, that said transcript was mislaid, that he tendered the docket fee to the clerk, but that he refused to receive the same, that upon plaintiff's motion the judgment of the justice was affirmed for failure to prosecute the appeal, and that subsequently the transcript was found on file in the clerk's office; *Held,*

Whitmore v. Divilbis.

1. That the petition was insufficient and that a demurrer thereto was well taken.

2. That the remedy of defendant was by a motion to set aside the order of affirmance.

*Appeal from Polk District Court.*

SATURDAY, NOVEMBER 5.

THE plaintiff recovered judgment before a justice of the peace, and defendant appealed to the District Court. This judgment was affirmed on plaintiff's motion, for want of payment of the docket fee and for the failure of defendant to prosecute his appeal. After this, defendant filed his petition asking a writ of error *coram nobis*, upon the following grounds : That he was aggrieved by a material error in fact committed by the justice, that he therefore perfected his appeal in due time and filed the proper transcript with the clerk ; that he tendered to that officer the fee for docketing the case as required by law and the rules of court ; that the papers were then lost or mislaid, that he thereupon ordered the justice to send up a new transcript; that the justice failed to obey his order upon the ground that he had already done what the law required ; that after this, on the morning of the first day of the term, he again tendered the fee for docketing to the clerk, but that he declared that the papers were not on file and refused the same ; that defendant again called upon the justice for a transcript and that plaintiff taking advantage of the losing of said papers, procured, under a rule of court, an affirmance of the judgment, on account of the neglect of appellant to file the papers.

It is also averred that after this the papers were found duly filed by the clerk, and that the court erred in a material error of fact, in affirming the judgment on account of defendant's neglect when he was guilty of no neglect in the premises.

To this petition there was a demurrer which was overruled, and plaintiff appeals.

*Casady & Crocker* for the appellant.

*S. V. White* for the appellee, cited 16 Wend, 48, 3 Bla. Com. 406, note.

WRIGHT, C. J.—Taking the petition as true, it is certainly very clearly shown that defendant used more than ordinary diligence to perfect his appeal, by having the case duly docketed.  But while this may be granted, it still remains to inquire whether his remedy is by the process selected, or whether he should have procured some other.  How it occurred that the District Court affirmed the judgment of the justice, without the production of the transcript, we are not informed.  The judgment was affirmed however, and under circumstances that the defendant by being diligent in the right direction might have prevented.  He could by making the showing now made, have procured a rule on the justice for a further return.  This power is abundantly recognized in the Code (sections 1576, 1760, 2338).  He was laboring under no disability nor was he ignorant of the facts.  But with a full knowledge of all the circumstances, and though entirely competent to make known his diligence he takes no step, either before or after the affirmance, to compel the justice to supply the lost papers, or to set aside the order made. This it was his duty to do.  His remedy was in this direction and not in the one selected.  The demurrer should have been sustained.  1 Swift's Dig. 790, 2 Tidd's Pr. 1056, 2 Saunders, 100, 101a.

Judgment reversed.